**UNITED STATES of America,**

v.

**Roland JONES, Appellant.**

No. 02–3871.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on April 28, 2003.

Decided Aug. 28, 2003.

Kim L. Chisholm, Office of United States Attorney, St. Thomas, USVI, for Appellee.

Maria T. Hodge, Alan D. Smith, Hodge & Francois, St. Thomas, USVI, for Appellant.

Before ROTH, MCKEE and COWEN, Circuit Judges.

## OPINION

ROTH, Circuit Judge.

On October 14, 1994, the District Court of the Virgin Islands sentence Roland Jones to a 51–month term of imprisonment plus three years of supervised release on a conviction for possession of a firearm by a felon. Jones completed serving this sentence and was released from prison in October 2001. Within one year, Jones was arrested on two warrants for violating conditions of his supervised release. Jones was again arrested on September 3, 2002, by Virgin Islands police officers for aggravated assault and battery.

These arrests resulted in Jones being held in custody in correctional facilities for three different periods, for a total of 115 days. On September 25, 2002, the District Court revoked Jones' supervised release and committed him to the custody of the U.S. Bureau of Prisons for a period of 12 months. During the hearing, the judge stated that "there will be no credit for any time in custody. He hasn't been in custody on this charge." Jones appeals the District Court's denial of credit against his sentence and requests that the judgment of sentence be vacated.

We review the District Court's denial of credit under a plain error standard. That is, we reverse only if (1) error was committed, (2) the error was clear or obvious, and(3) the error affected the defendant's substantial rights. *United States v. Thornton,* 306 F.3d 1355, 1358–1359 (3d Cir.2002) (citation omitted).

The relevant statutory provision in this case is 18 U.S.C. § 3585(b) which provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Jones argues that he is entitled to credit under this provision because he was in "official detention" as required by the statute. In *Koray v. Sizer,* we held that "official detention" as used in Section 3585 "includes time spent under conditions of jail-type confinement". 21 F.3d 558, 567 (3d Cir.1994). We cannot, however, rule on his entitlement to credit because it is the Bureau of Prisons that has authority to decide how credit is to be determined. *See United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *Ruggiano v. Reish,* 307 F.3d 121, 132 (3d Cir.2002).

Indeed, both parties do agree that the District Court had no authority to award credit as that term is used in Section 3585. Nevertheless, Jones goes further and argues that because the District Court had no authority to award credit, it similarly had no authority to deny it. His argument fails, however, because the District Court's

statement that credit be denied does not bind the determination by the Bureau of Prisons of what credit Jones is to be given. If ultimately, after Jones begins to serve his sentence, he does not agree with the decision of the Bureau of Prisons on credit for time served, he can petition for judicial review of the Bureau of Prisons' determination.

For the above reasons, we will affirm the judgment of sentence of the District Court.